IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-136-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $307,970.00, IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion to amend its complaint (DE 23), and on claimants' motion to stay discovery (DE 28) pending the court's resolution of defendant's motion to dismiss and the government's motion to amend. Issues raised are ripe for ruling. For reasons stated more particularly below, the court DENIES plaintiff's motion to amend, and DENIES in part and GRANTS in part claimants' motion to stay discovery.

## BACKGROUND

Plaintiff initiated this civil forfeiture action on July 12, 2012, by filing a complaint for forfeiture *in rem* against $307,970.00 in U.S. currency, to enforce 21 U.S.C. § 881(a)(6), asserting that defendant property was used or intended to be used in exchange for controlled substances, represented proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Attached to the complaint is the declaration of Harold Jordan, a special agent with the Drug Enforcement Administration ("DEA").

According to this declaration, on February 16, 2012, Sergeant Matt Miller of the Wayne Count Sheriff's Office stopped a 2002 Mazda Tribute – later determined to be registered to claimant Lucia Yasmin Covarrubias – near the intersection of Hare Road and Tommy's Road in Goldsboro, North Carolina, after observing it cross the double yellow center line and the solid white line on the shoulder. The Tribute was being driven by claimant Apolinar Garcia-Ancelmo, a farm laborer. Sergeant Miller determined that claimant Garcia-Ancelmo was not impaired, but appeared excessively nervous. Sargent Miller gave claimant Garcia-Ancelmo a verbal warning, and then said to claimant Garcia-Ancelmo that he recognized him for a prior consent search of claimant Garcia-Ancelmo's residence.

Sergeant Miller then asked claimant Garcia-Ancelmo if he had anything illegal in the car. Claimant Garcia-Ancelmo responded that he did not, that he was on the way to a laundromat, and he gave Sergeant Miller permission to search the vehicle. Sergeant Miller saw a laundry basket in the rear cargo area of the car containing a large black trash bag. He opened the rear door to access the cargo area, partially opened the trash bag and saw the defendant currency inside. He called for additional units to assist, and Deputy R. Hatch arrived and assisted in an inventory of the funds, which was later determined to be in the amount of $307,970.00.

Claimant Garcia-Ancelmo was handcuffed for officer safety and told by Sergeant Miller that he was being detained but was not under arrest. Claimant Garcia-Ancelmo denied ownership of the currency, stating that he was he was being paid $1,000.00 to deliver the money. He also told Sergeant Miller he would like to make a deal, and finally told Sergeant Miller to "just take the money" and spend it.

On July 31, 2012, plaintiff filed an amended complaint (DE 4), correcting only an allegation

as to where the defendant funds were seized. On August 20, 2012, claimants Cirila Garcia and Lucia Covarrubias filed claims alleging ownership and possessory interest in the seized funds (DE 7, 8). On August 29, 2012, claimant Garcia-Ancelmo filed his claim (DE 11), also alleging an ownership and possessory interest in the funds.

On November 20, 2012, the court entered its Case Management Order (DE 20), providing *inter alia*, for a discovery deadline of March 14, 2013. The court also ordered that any motion to amend the pleadings was to be filed by January 14, 2013, with deference to the parties' joint report and plan, filed November 2, 2012, recommending that deadline to this court.

On January 28, 2013, claimants filed a motion to dismiss the government's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, on February 11, 2013, the government filed notice of automatic stay of its time to file a response under Supplement Rule G(6)(c) until 21 days after claimants answered special interrogatories served on them pursuant to Supplemental Rule G(6). That same day, the government also filed a motion for leave to file a second amended complaint.

The proposed second amended complaint seeks to add an additional theory for forfeiture, namely that the defendant currency consisted of laundered funds. It also replaces the declaration of Special Agent Johnson with the declaration of DEA Special Agent Gilbert Trillo, who declared information premised upon his work on February 15, 2012, in an undercover capacity as a money launderer of drug proceeds. Special Agent Trillo received a call from claimant Garcia-Ancelmo, asking to meet and deliver currency. Later that day, claimant Garcia-Ancelmo called Special Agent Trillo to advise him of his location and that he would be waiting in a Mazda Tribute. Special Agent Trillo arrived at the location fifteen minutes later, and saw a Mazda Tribute with North Carolina

3

license plate ZTH2315.

Claimant Garcia-Ancelmo was outside of the car and told Special Agent Trillo to follow him to a nearby unknown location. Special Agent Trillo refused to travel, and claimant Garcia-Ancelmo refused to go retrieve the money. Claimant Garcia-Ancelmo then spoke on the phone with an individual he called his boss, and gave the phone to Special Agent Trillo to negotiate a neutral location with his boss.

Ultimately no arrangement was worked out that day, pursuant to the testimony. Claimant Garcia-Ancelmo contacted Special Agent Trillo the following morning. Special Agent Trillo called claimant Garcia-Ancelmo back that evening and the two arranged to meet. En route to meet Special Agent Trillo, claimant Garcia-Ancelmo was stopped by Sergeant Miller. Special Agent Trillo received a phone call shortly after the stop from a Mexican phone number. The caller identified himself as claimant Garcia-Ancelmo's boss and asked what happened with the money pick up. Special Agent Trillo explained that claimant Garcia-Ancelmo had been stopped by law enforcement.

By order entered February 27, 2012, the court required claimants to show cause as to why their motion to dismiss would not be mooted if the court allowed the government's motion to amend. The court also ordered the parties to note in their filing any issues that would bear on maintenance of the case management order. Claimants responded in opposition to the government's motion to amend and argued that if the motion was granted their motion to dismiss would be applicable to the proposed second amended complaint. Claimants also filed a motion for a stay of discovery until the court had ruled on their motion to dismiss and plaintiff's motion to amend.

The government opposes claimants' motion for a stay and requests that the court grant an extension of discovery for the government only, where claimants have not responded to the

4

government's discovery requests. The government further requests that the court direct claimants to respond to the government's written discovery within 10 days of entry of the court's order.

## COURT'S DISCUSSION

A.  Motion to Amend

   1.  Standard of Review

Once a responsive pleading is filed, a plaintiff may only amend its complaint by leave of the court or by written consent of the defendant, although leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Laber v. Harvey, 438 F.3d 404, 425 (4th Cir. 2006) (en banc). Under Rule 15(a), leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id. at 426–47.

However, where a motion to amend is brought "after the deadlines provided by a scheduling order have passed," a party must meet an additional requirement to prevail. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298–99 (4th Cir. 2008). "A schedule may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), and this "good cause standard must be satisfied to justify [an untimely motion for] leave to amend the pleadings." Nourison Rug Corp., 535 F.3d at 298; see also United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C.2007) (adopting a "two-part test whereby [an untimely] amendment to the pleadings must satisfy the requirements of both Rule 16(b) and Rule 15(a), in that order"). If a party fails to show good cause, the court's inquiry ends, and it need not consider whether the moving party meets the requirements of Rule 15(a). Godwin, 247 F.R.D. at 506.

5

The primary consideration in determining whether a movant has shown good cause to modify the court's scheduling order is the diligence of the moving party. Montgomery v. Anne Arundel Cnty., Maryland, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). Thus, "'[g]ood cause under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed.'" United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007) (quoting Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C.2003))

2. Analysis

In this case, the government moved to file a second amended complaint on February 11, 2013. The court's case management order provided that any motion to amend the pleadings was to be filed by January 14, 2013. Thus the government must show good cause for untimely filing its motion to amend. Here, the government knew of the evidence supporting its motion to amend at the start of its case.[1] Thus it could not be said to have been diligent in pursuing the claims set forth in its proposed second amended complaint.

The government summarily asserts that until making its motion, it was not able to release the evidence upon which its motion was based where such release may have compromised a related criminal investigation. This does not without more justify the government's late filing after the amendment deadline as procedures to avoid untimely filing were available to it. For example, 18

---

[1] The government argues that while "someone in the Government" had knowledge of this evidence, the Assistant United States Attorney ("AUSA") assigned to this case did not until after January 28, 2013, when claimants filed their motion to dismiss. The lack of knowledge by the AUSA assigned to this case, however, does not show diligence on the part of the government. The AUSA was "aware that there was what was described as a 'tangential' investigation," but thought that looking further into the matter "did not seem necessary" until the filing of claimants' motion to dismiss. Gov. Reply Supp. Mot. to Amend, 5-6. Thus it is clear that the government had this evidence, and the AUSA could have learned of this evidence at any time prior to the expiration of the amendment deadline.

6

U.S.C. § 981(g)(1) provides that upon the government's motion "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." Yet the government filed no such motion. Additionally, the government could have moved, before the expiration of the amendment deadline, to extend that deadline. Again, no such motion was made.

The government notes that the Federal Rules of Civil Procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and argues that moving for a stay would have resulted in the prolonging of this case. Thus they contend their untimely filing actually contributes to the proper and expeditious resolution of the matter. This argument is meritless.

"[A] court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011) (quoting Rassoull v. Maximus, Inc., 209 F.R.D. 372, 374 (D.Md. 2002)). Rather, "'the terms of the [scheduling] order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action." Id. (quoting Barwick v. Celotex Corp., 736 F.2d 946, 954-55 (4th Cir. 1984)). Thus where the government knew or in the exercise of reasonable diligence should have known of the evidence upon which it based its proposed amended complaint, and where it could have moved to stay the case, or amend the case management order prior to the expiration of the amendment deadlines, it was not diligent in pursuing its claims. Thus it has not shown good cause for this court to allow it to untimely amend its complaint. The

7

government's motion to amend is therefore denied.

B.     Motion to Stay Discovery

Claimants request that this court stay all discovery until ruling upon the government's motion to amend, and claimants' motion to dismiss. As the court has denied the government's motion to amend, that part of claimants' motion is moot. The court grants in part and denies in part the remaining part of claimants' motion requesting a stay until the court has ruled upon their motion to dismiss.

With respect to the government's special interrogatories, the court denies plaintiff's motion for a stay of this discovery. Within 21 days of the service of a motion to dismiss by a claimant, the government may "serve special interrogatories limited to the claimant's identity and relationship to the defendant property." Fed. R. Civ. P. Supplemental Rule G(6)(a). The claimant must serve answers or objections to such special interrogatories within 21 days. Fed. R. Civ. P. Supplemental Rule G(6)(b). The government need not respond to the claimant's motion to dismiss until "21 days after the claimant has answered these interrogatories." Fed. R. Civ. P. Supplemental Rule G(6)(c).

Where Supplemental Rule G(6)(c) provides that the government need not file a response to a motion to dismiss until 21 days after its special interrogatories have been answered, granting claimants' motion with respect to this discovery would vitiate Supplemental Rule G(6)(c) of all meaning. To stay discovery which the government is entitled to receive before responding to a motion until the court has ruled upon that very motion defies logic. Therefore claimants' motion to stay discovery is denied in that part where they seek to avoid responding to the government's special interrogatories.

Claimants nevertheless argue that by filing a motion to amend the government has essentially

8

withdrawn its first amended complaint, relieving claimants of the duty to comply with the Supplemental Rules, citing Via Mat Int'l S. Am. Ltd. v. United States, 446 F.3d 1258, 1264 (11th Cir. 2006) ("[C]laimants need not satisfy the standing requirements of [the Supplemental Rules] unless and until the Government has executed process pursuant to [the Supplemental Rules]."). By filing a motion to amend, however, the government has not withdrawn its first amended complaint. Rather that complaint remains operative unless the court grants the motion to amend – which it has not in this case. Therefore claimants are not relieved of their duty to comply with the Supplemental Rules. Claimants are directed to respond to the government's special interrogatories within 10 days of entry of this order. The government shall respond to claimants' motion to dismiss within 21 days of claimants' answers to these interrogatories, in accordance with Supplemental Rule G(6)(c), after which time claimants shall have 14 days to file any reply. Thereafter, the court will take up and decide the motion.

The court grants claimants' motion to stay with respect to all other discovery pending resolution of claimants' motion to dismiss. The court is mindful, however, of claimants' delay in responding to the government's written discovery requests in this case where discovery requests served December 26, 2012, have gone unanswered. If and when the stay is lifted in this case, claimants will timely respond to any discovery requests. Upon ruling on claimants' motion to dismiss, the court will amend its case management order as necessary.

## CONCLUSION

Based upon the foregoing, the government's motion to amend is DENIED. Claimants' motion to stay discovery is DENIED in part where it relates to the government's special interrogatories, and claimants are DIRECTED to respond to the government's special interrogatories

9

within ten (10) days of entry of this order. Claimants' motion to stay is GRANTED in part where it requests a stay of all other discovery.

SO ORDERED, this the 21st day of May, 2013.

LOUISE W. FLANAGAN
United States District Judge