IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-136-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $307,970.00, IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the government's motion to stay this case up to and including July 23, 2014, due to a related criminal investigation (DE 61). This motion has been fully briefed and issues raised are ripe for ruling. For reasons stated more particularly below, the court GRANTS the motion.

**COURT'S DISCUSSION**

Pursuant to 18 U.S.C. § 981(g)(1) "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." Thus, to show its entitlement to a stay, the government must show, first, that civil discovery could adversely affect a criminal investigation, and, second, that such criminal investigation is related to this case. United States v. All Funds on Deposit in Suntrust Account No. XXXXXXXXX8359, in Name of Gold & Silver Reserve, Inc., 456 F. Supp. 2d 64, 65 (D.D.C. 2006).

A "related criminal investigation" is must be "an actual . . . investigation in progress at the

time which the request for the stay . . . is made." 18 U.S.C. § 981(g)(4)  To determine if the investigation is related, the court "shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."  Id.  Finally, when requesting a stay, "the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5).

Here, the government has submitted an ex parte law enforcement declaration detailing the grounds upon which it asserts there is a related criminal investigation as well as the adverse effects that would accrue thereto should discovery proceed.  Upon review of the record in this case, including the declaration filed by the government, the court finds that the criminal investigation at issue is related to this case under 18 U.S.C. § 981(g)(4) and that civil discovery would adversely effect the government's ability to conduct this investigation.  See 18 U.S.C. § 981(g)(1).  The court therefore finds the government's motion to be well-founded.

Claimants nevertheless contend that any stay based upon the government's ex parte declaration would be improper to the extent the affidavit contains hearsay.  In support, claimants cite to United States v. $92,203.00 in United States Currency, 537 F.3d 504, 508-510 (5th Cir. 2008), and United States v. Seventy Thousand One Hundred Fifty Dollars in U.S. Currency ($70,150.00), No. 1:02-CV-00874, 2009 WL 3614871, at *5 (S.D. Ohio Oct. 28, 2009).  These cases, however, are inapposite to the situation presented in this matter.  In those cases, the courts were confronted with the use of hearsay in affidavits presented in support of motions for summary judgment, and found that use of such evidence constituted an improper ground specifically for a determination on the merits.  See  $92,203.00 in United States Currency, 537 F.3d at 510 (holding that "courts may

2

no longer rely on hearsay (absent an exception to the hearsay rule) *when deciding the merits* of a civil forfeiture proceeding brought under CAFRA." (emphasis added)); <u>Seventy Thousand One Hundred Fifty Dollars in U.S. Currency ($70,150.00)</u>, 2009 WL 3614871, at *3 (considering a motion to strike hearsay statements supporting a summary judgment motion).

In this case, the court does not have before it a request for a decision on the merits of this case.  Rather, the court is asked to stay the case under § 981(g)(1), and the government's submissions provide a sufficiently reliable basis upon which to grant such a stay.  Thus, the motion to stay will be granted.

## CONCLUSION

Based upon the foregoing, the government's motion to stay is GRANTED, and the case is hereby STAYED up to and including July 23, 2014.

SO ORDERED, this the 23rd day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

3