IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-136-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $307,970.00, IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the government's motion to stay this case up to and including August 20, 2015, due to a related criminal investigation (DE 96). Also pending before the court is claimants' motion to stay further discovery pending resolution of their now-pending motion for summary judgment. (DE 93). These motions have been briefed fully and in this posture the issues raised are ripe for ruling. For the reasons that follow, claimants' motion is granted in part and the government's motion is denied as moot. This matter is stayed pending partial resolution of claimants' motion for summary judgment, as detailed more fully below.

**BACKGROUND**

The government initiated this civil forfeiture action on July 12, 2012, by filing a complaint for forfeiture *in rem* against $307,970.00 in U.S. currency, to enforce 21 U.S.C. § 881(a)(6), asserting that the defendant property was used or intended to be used in exchange for controlled substances, represented proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

Attached to the complaint was the declaration of Harold Jordan, a special agent with the Drug Enforcement Administration ("DEA").

On July 31, 2012, the government filed an amended complaint (DE 4), correcting only an allegation as to where the defendant funds were seized. On August 20, 2012, claimants Cirila Garcia and Lucia Covarrubias filed claims alleging ownership and possessory interest in the seized funds (DE 7, 8). On August 29, 2012, claimant Apolinar Garcia-Ancelmo filed his claim (DE 11), also alleging an ownership and possessory interest in the funds.

On November 20, 2012, the court entered its Case Management Order (DE 20), providing *inter alia*, for a discovery deadline of March 14, 2013. However, through various motions to stay and automatic stays, in effect by operation of statute, that original discovery deadline has well passed. In recognition of that fact, the court entered an amended Case Management Order (DE 60) on October 15, 2013. The amended Case Management Order set April 15, 2014, as the new discovery deadline.

On January 23, 2014, the government filed a motion to stay the case, pursuant to 18 U.S.C. § 981(g)(1), contending that further civil discovery would impede an ongoing criminal investigation. On May 23, 2014, the court granted the government's motion for stay, staying the case up to and including July 23, 2014. On July 23, 2014, the government filed a motion to continue the stay up to and including October 17, 2014, which was granted.

On November 5, 2014, the parties filed a joint motion to amend the amended Case Management Order, proposing a mew discovery deadline of February 28, 2015, with all dispositive motions to be filed by March 31, 2015, which the court granted.

On January 30, 2015, claimants filed a motion for summary judgment. (DE 90). Later, on February 18, 2015, one week prior to the close of discovery, claimants filed a motion to stay discovery pending resolution of their motion for summary judgment. (DE 93). In response, on February 20, 2015, the government filed a motion to stay the proceedings, pursuant to 18 U.S.C. § 981(g). To date, discovery has not been concluded and the government has filed no response to claimants' motion for summary judgment.

**COURT'S DISCUSSION**

The government moves for a stay of all discovery until a date certain, pursuant to 18 U.S.C. § 981(g). Claimants also move for a stay of discovery until resolution of their now pending motion for summary judgment. Accordingly, because the parties consent to a stay of discovery until at least resolution of claimants' motion for summary judgment, the court will grant the stay.

To assist the parties in their planning, the court notes that it will not decide claimants' motion for summary judgment in its entirety prior to the completion of all discovery in this matter. Claimants' motion rests on two alternative grounds. First, claimants contend the government did not have probable cause at the time it initiated the instant suit, and thus is not entitled to conduct further discovery in this matter. Second, claimants contend the government cannot sustain its ultimate burden of proof under 18 U.S.C. § 983(c).

Claimants' first argument, grounded in United States v. $493,850.00 in U.S. Currency, 518 F.3d 1159, 167-69 (9th Cir. 2008), is potentially dispositive of this case. If the pre-suit probable cause requirement, found at 19 U.S.C. § 1615, survived the 2000 amendment to 18 U.S.C. § 983(c), which put in place a preponderance of the evidence burden of proof, and the government cannot satisfy that requirement, then the court must dismiss the case. Accordingly, **the United States is**

3

**directed to file a reply to claimants' motion for summary judgment, insofar as it rests on the pre-suit probable cause requirement of § 1615, within 10 days**.

In any event, claimants' second argument is not susceptible to address absent full and fair discovery. After resolution of claimants' motion for summary judgment grounded in the government's purported lack of probable cause, the court will grant the parties **an additional 60 days** to complete discovery. Thereafter, the government will have **an additional 30 days** to file a response to the portion of claimants' motion for summary judgment resting on the merits of the case. **If, in the government's view, further stay of discovery is warranted under 18 U.S.C. § 981(g), the government may move for a stay at that time.**

## CONCLUSION

Based on the foregoing, the court GRANTS in PART claimants' motion to stay all discovery pending resolution of their now-pending motion for summary judgment. (DE 93). The government's competing motion to stay, made pursuant to 18 U.S.C. § 981(g), is DENIED as MOOT. All discovery is stayed pending partial resolution of claimants' motion for summary judgment by the court. The government will file a response to claimants' motion for summary judgment, inasmuch as it rests on any pre-suit probable cause requirement required by 19 U.S.C. § 1615 within 10 days. After the partial resolution of claimants' motion for summary judgment, discovery will resume for an additional 60 days, with a response by the government to the outstanding portion of claimants' motion for summary judgment due within 30 days of the close of discovery. Any discovery to occur after the partial resolution of claimants' motion for summary judgment is subject to stay, pursuant to 18 U.S.C. § 981.

SO ORDERED, this the 2nd day of July, 2015 .

LOUISE W. FLANAGAN
United States District Judge

5