IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-136-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CONSENSUAL PROTECTIVE ORDER** |
| | ) |
| $307,970.00 IN U. S. CURRENCY, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court following the telephonic hearing held on March 30, 2017 to, among other matters, determine whether Claimants shall be allowed access to the presentence investigation report and competency evaluation of proposed government witness Thurman Bohne (hereafter "Requested Materials"), as provided to the Court and counsel in *United States v. Bohne,* No. 5:15-CR-00007-F-3 under the provisions of 18 U.S.C. § 3153(c)(1), 3552, and 4247. The Court has reviewed the Requested Material and concludes that while the Government has committed no discovery violation, as it correctly notes that only the Court may release the Requested Documents under Local Criminal Rule 11.1, both counsel for the Government and Claimants shall be allowed access to and use of the Requested Material for purposes of this litigation.

For good cause shown, finding such requested disclosure of

1

otherwise confidential information to both parties necessary to aid in this litigation, and with consent of the parties,

IT IS HEREBY ORDERED that:

1. The Government will provide the Requested Materials to the Claimants within 10 days of this Order. The Requested Materials shall be held in strict confidence. Right of access to such material shall be limited to the parties (subject to the restriction below), counsel for the parties, their paralegals and other employees, and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Right of access for the parties shall be limited to only those employees of the parties who need to have access for purposes of this litigation. All counsel hereby mutually authorize counsel for any witness to examine the Requested Materials. Claimants' counsel may confer with Claimants regarding the Requested Material, and Claimants are otherwise permitted to use the Requested Material for purposes of this litigation. Any person having access to this material shall be informed that it is confidential and subject to a nondisclosure order by this Court. Individuals to whom this material is made available are bound by the restrictions in this order. Counsel for the parties shall take reasonable steps to ensure that individuals in their employ and persons

mutually authorized by all counsel to examine such materials comply with this order.

2. Those having right of access to the Requested Materials shall use such material and information derived therefrom only for purposes of litigating the instant lawsuit. The Government's and Claimants' attorneys shall not use or disclose, and shall take all reasonable steps to prevent the use or disclosure of, such material or information for any other reason.

3. The substance of the information contained in the Requested Materials described above shall not be disclosed by any means whatsoever by those having right of access to the material except as set forth in paragraphs 4 through 7 below. The substitution, departure, or removal for any reason from this case of any counsel for the Government or Claimants, or anyone associated with them as an employee or otherwise, shall not release that person from the provisions of this Order, and any newly appearing counsel shall be bound by the terms of this Order.

4. No person having access to the Requested Materials described above shall make public disclosure of those materials without further order of this Court, or stipulation by the parties, except as set forth in paragraphs 5 through 7 below.

3

5. Subject to modification by this Court, the Requested Materials shall not be filed with or referred to in documents, pleadings, arguments and/or testimony presented before this Court other than in one of the following three manners:

 a. Filed "under seal" pursuant to an Order of the Court in accordance with the procedures set forth in Local Civil Rule 5; or

 b. Using such other means or methods that are agreeable to the parties and approved by the Court.

6. Subject to modification by this Court at the time of trial, in the event that any material subject to this Order is used in this case's litigation, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

7. Attendance at depositions at which material subject to this order is identified, discussed, or disclosed shall be limited to the deposition notary, the deponent and his or her counsel, counsel for the parties, and any other person who is subject to the terms of this order.

8. Material subject to this order shall not be further reproduced except in connection with its use in this

litigation. Any reproductions of materials subject to this order shall also be subject to the terms of this order.

9. All materials subject to this Order shall be destroyed within 60 days of the conclusion of all trial and appellate proceedings. In the event that any copies of the foregoing material are made, all such copies shall be destroyed within 60 days of the conclusion of all trial and appellate proceedings. Once the material is destroyed, all counsel shall be so notified.

10. Violation of the terms of this Order shall be immediately brought to the attention of the Court, and may result in a charge of contempt of Court and termination of a counsel's access to the confidential information.

SO ORDERED this  10th  day of April, 2017.

*Louise V. Flanagan*
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

We Consent to the entry
of this Order:

/s/Stephen A. West
STEPHEN A. WEST
Assistant United States Attorney
Attorney for Plaintiff

/s/ Mark A. Ward
Mark A. Ward
Attorney for Claimants
105 Commerce Street
Greenville, NC 27858

/s/ David M. Michael
David M. Michael
Attorney for Claimants
1 Sansome Street, Suite 3500
San Francisco, CA 94194


/s/ Edward M. Burch
Edward M. Burch
Attorney for Claimants
1 Sansome Street, Suite 3500
San Francisco, CA 94194